IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD JENSEN | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. CCB-06-454 |
| | | |
| JOHN DOE, DIRECTOR OF | * | |
|  DEPARTMENT OF PUBLIC SAFETY | | |
|  AND CORRECTIONAL SERVICES | * | |
|     Defendant | | |
| | *** | |

**MEMORANDUM**

The above-captioned case, construed as a hybrid petition for writ of mandamus and complaint under the Freedom of Information Act ("FOIA"), was received for filing on February 22, 2006. Plaintiff seeks a court order requiring the Maryland Department of Public Safety and Correctional Services ("DPSCS") to release copies of reports and records made by his "private psychologist and psychiatrist." Paper No. 1. Plaintiff states that he reviewed these records and reports briefly while reviewing his base file in preparation for his June, 2002 parole hearing. *Id*. The stated purpose for obtaining copies of these materials is that they are necessary for his filing of a state habeas corpus petition challenging his conviction. *Id*.

Plaintiff claims that he made a request to obtain the documents pursuant to the Maryland Public Information Act on December 21, 2005. On February 16, 2006, he received a response which recommended that he contact the medical records office at the Western Correctional Institution. *Id*. Plaintiff indicates that he made the request to the DPSCS because the report and records of his private doctors are in the possession of the Division of Parole and Probation, an agency operating under the umbrella of the DPSCS. *Id*.

Because he appears indigent, plaintiff shall be granted leave to proceed in forma pauperis. This court shall, however, summarily dismiss the matter. First, this court does not have jurisdiction

over state employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361.[1]

Further, to the extent that plaintiff is seeking relief under the FOIA, the court has no jurisdiction over such a matter. The FOIA provides that a federal agency "shall" make available to any person records that the person "reasonably describes" in a request to the agency "in accordance with published rules" governing such requests. *See* 5 U.S.C. § 552(a)(3). The FOIA does not apply to state agencies. *See Ferguson v. Alabama Criminal Justice Center*, 962 F.Supp 1446, 1447 (M.D. Ala. 1997); *see also* 5 U.S.C. § 551(1) ("Agency means each authority of the government of the United States....").

Because plaintiff's prisoner civil case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. §1915(e).[2] Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he

---

[1] In any event, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). The relief sought in the instant case, requiring a DPSCS agency to provide records and reports to plaintiff pursuant to federal court order, is not the only means by which plaintiff may access the information he wishes to review. First, there is no information which establishes that plaintiff cannot directly obtain the information from his private physicians. Second, while plaintiff indicates that he filed a Maryland Public Information Act request with the DPSCS, upon denial of that request he may then seek administrative review with the DPSCS of the official refusal to provide the requested information. *See* Maryland Code Ann., State Gov't, §§ 10-622. If unsuccessful with the administrative review, he may then file a complaint with the appropriate State circuit court by way of an original civil action. *Id.*, §10-623.

[2] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A)  the allegation of poverty is untrue; or
    (B)  the action or appeal--
    (i)  is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

continues to file federal civil rights actions that are subject to dismissal under §1915(e) or Rule 12(b)(6).[3]

| March 7, 2006 | /s/ |
|---|---|
| Date | Catherine C. Blake<br>United States District Judge |

---

[3]   28 U.S.C. § 1915(g) states as follows:

   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

   Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.